08-0194-pr
Bacon v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*[*]

-----------------------------------------------------------------

BRIAN BACON,

> *Plaintiff-Appellant*,

v.                                                                         No. 08-0194-pr

UNITED STATES,

> *Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:                          BRIAN BACON, *pro se*, White Deer, Pennsylvania.

FOR APPELLEE:                            WILLIAM F. LARKIN, Assistant United States

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Attorney, *for* Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (David E. Peebles, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 27, 2007, is AFFIRMED.

Brian Bacon, a federal prison inmate, appeals pro se from a judgment in favor of the United States entered after a bench trial on his claim that federal corrections officers acted negligently while escorting him to his cell, with the result that he fell and was injured. See 28 U.S.C. §§ 1346(b), 2671-80. Bacon contends that the district court erred by (1) permitting the government to cross-examine him regarding certain aspects of his deposition testimony; (2) requiring him to participate in trial via telephone from prison; (3) crediting the testimony of a corrections officer; and (4) not reaching the issue of causation. We assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Cross-Examination

Bacon asserts that the district court erred by permitting him to be cross-examined regarding statements contained in a letter in which he appeared to request assistance with smuggling contraband and whose discovery prompted disciplinary action. We review a district court's evidentiary rulings for abuse of discretion, reversing only where a party's

substantial rights have been affected.  See United States v. Wexler, 522 F.3d 194, 201-02 (2d

Cir. 2008).  A trial judge has "broad discretion" in determining the permissible scope of

cross-examination.  United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004) (internal

quotation marks omitted).

We identify no abuse of discretion in the district court's decision to permit cross-

examination regarding deposition statements indicating that Bacon's letter was part of a

"scheme" to obtain money, Bacon Dep. Tr. at 72, as these bore on his truthfulness, see Fed.

R. Evid. 608(b) ("Specific instances of the conduct of a witness . . . may . . . in the discretion

of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-

examination . . . ."); Hynes v. Coughlin, 79 F.3d 285, 293-94 (2d Cir. 1996).

2.      Trial Participation

Bacon submits that the district court erred in having him participate in the bench trial

by telephone rather than in person.  Because Bacon was incarcerated, the district court

offered him two alternatives: (1) submit testimony on videotape and participate in the trial

itself both via live audio link and through the appearance in person of his counsel; or (2)

delay trial until his release in 2010 when he could appear in person.  Bacon elected and

exercised the former option.  Reviewing Bacon's challenge to the district court's

management of trial for abuse of discretion, see United States v. Yakobowicz, 427 F.3d 144,

150 (2d Cir. 2005), we detect none.  Moreover, even if Bacon had a right to be present at his

own civil trial, which we need not here decide, cf. Fillippon v. Albion Vein Slate Co., 250

3

U.S. 76, 81 (1919) (noting right of parties to be present at civil trials "in person or by counsel" (emphasis added)), we would conclude that his selection effectively waived any such right, cf. Clark v. Stinson, 214 F.3d 315, 323 (2d Cir. 2000) (holding right to be present at one's own criminal trial is "clearly waivable" (internal quotation marks omitted)). Indeed, his counsel expressly consented, on the record – in Bacon's hearing and without his objection – to Bacon's electronic participation.

3.      Credibility Determination

Bacon challenges the district court's decision to credit the testimony of corrections officer Steven Robla rather than of Bacon regarding aspects of the relevant events. After a bench trial, we review the district court's factual findings, including its findings as to credibility, for clear error, see Reynolds v. Giuliani, 506 F.3d 183, 189 (2d Cir. 2007), and we identify none here. Where a district court is presented with two permissible views of the evidence, its decision to credit one view over another "cannot be clearly erroneous." See Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 297 (2d Cir. 2009) (internal quotation marks omitted).

4.      Causation

Finally, we reject Bacon's assertion that the district court erred by not reaching the question of causation. We review this claim of legal error de novo. See Reynolds v. Giuliani, 506 F.3d at 189. Under New York law, which governs Bacon's federal tort claim, see 28 U.S.C. § 1346(b)(1), a plaintiff alleging negligence must prove: (1) the existence of

4

a duty; (2) a breach of that duty; (3) a "reasonably close causal connection" between defendants' conduct and his injury; and (4) "actual loss, harm or damage," Integrated Waste Servs. v. Akzo Nobel Salt, Inc., 113 F.3d 296, 299 (2d Cir. 1997) (internal quotation marks omitted). Because the district court found that Robla had not breached the duty owed Bacon, there was no need for it to reach the issue of causation.

We have considered Bacon's remaining arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


By:_____